UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FAST FOOD GOURMET, INC. a Missouri Corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 05 C 6022 ) |
| LITTLE LADY FOODS, INC., an Illinois Corporation, and KRAFT FOODS, INC., a Virginia Corporation, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM ORDER AND OPINION

MARVIN E. ASPEN, District Judge:

Plaintiff Fast Food Gourmet, Inc. ("Fast Food") filed a four-count complaint against two defendants, Little Lady Foods, Inc. ("Little Lady") and Kraft Foods Global, Inc. ("Kraft"). Counts I and II are for misappropriation of trade secrets under the Illinois Trade Secret Act ("ITSA"), 765 ILCS 1065, against Little Lady and Kraft, respectively. Count III is a breach of contract claim against Little Lady. Count IV is an unjust enrichment claim against Kraft. Presently before us are two motions: (1) the defendants' motion for a more definite statement as to the first three counts of the complaint, and (2) the defendants' motion to dismiss count IV as preempted by the ITSA. For the reasons set out below, we deny the defendants' motions.

## BACKGROUND

For the purposes of these motions, we treat facts in Fast Food's complaint as true. Fast Food marketed a product called "Stillwell's Stone Fired Pizza." (Compl. ¶ 3). Fast Food entered into a production contract with Little Lady, under which Little Lady housed Fast Food's pizza-making equipment in its facilities, learned how to make Fast Food's pizzas, and

manufactured pizzas for Fast Foods. (*Id.* ¶¶ 9-11). Little Lady agreed, either expressly or impliedly, to keep information provided by Fast Food confidential. (*Id.* ¶ 13). Fast Food disclosed to Little Lady specifications and instructions for making pizza crusts, information that Fast Foods considers to be trade secrets. (*Id.* ¶¶ 9-11). According to the complaint, Little Lady disclosed Fast Food's trade secrets to Kraft and partnered with Kraft in using Fast Food's trade secrets and manufacturing equipment to develop and produce Kraft's "DiGiorno Thin Crispy Crust Pizza." (*Id.* ¶¶ 13, 17).

## ANALYSIS

### A. *Motion for a More Definite Statement as to Counts I, II, and III*

Federal Rule of Civil Procedure 12(e) allows for a more definite statement only where the pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). Motions for a more definite statement are generally disfavored, and are usually granted only when the pleading is so unintelligible that the movant cannot draft a response. *United States for Use of Argyle Cut Stone Co. v. Paschen Contractors, Inc.*, 664 F. Supp. 298, 303 (N.D. Ill. 1987).

Little Lady and Kraft argue that Fast Food has not adequately identified its trade secrets. We disagree. In its complaint, Fast Food states that its "Stillwell's Stone Fired Pizza" had a unique crust, and that Fast Food's "unique equipment, specifications, processes, formulations and techniques" were trade secrets that made possible the mass production of the unique pizza crust. (Compl. ¶ 3). The information at issue includes "specifications for dough-sheeting equipment, for a stone hearth convection conveyor oven and for various other pieces of equipment and methods" used to make the Stillwell's Stone Fired Pizza and instructions on "how

2

to mix the ingredients, how to prepare and sheet the pizza dough, and how to set and utilize the pizza-making equipment line" that Fast Food supplied to Little Lady's facility. (*Id.* ¶¶ 9-10). Based on these allegations, Little Lady and Kraft can reasonably be required to frame an answer.

## B.     *Motion to Dismiss Count IV*

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not decide the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990) (quoting *Triad Assocs., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989)). In considering a motion to dismiss, we must accept all well-pled allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Cody v. Harris*, 409 F.3d 853, 857 (7th Cir. 2005); *Thompson v. Illinois Dep't of Prof'l Regul.*, 300 F.3d 750, 753 (7th Cir. 2002).

Section 8(a) of the ITSA says that "this Act is intended to displace conflicting tort, restitutionary, unfair competition, and other laws of this State providing civil remedies for misappropriation of a trade secret." 765 ILCS 1065, § 8(a). The ITSA does not, however, preempt claims "that are not dependent upon the existence of competitively significant information." *Hecny Transp., Inc. v. Chu*, 430 F.3d 402, 405 (7th Cir. 2005) (quoting the Uniform Law Commissioners' comment to the model Uniform Trade Secrets Act of 1985 and predicting that the Supreme Court of Illinois would adopt this interpretation of the preemption provision of the ITSA).

Count IV of Fast Food's complaint states that "Kraft used [Fast Food's] equipment line to develop its DiGiorno Thin Crispy Crust Pizza…instead of purchasing its own equipment." (Compl. ¶ 39). If Kraft used Fast Food's equipment line without paying for the use, the unjust

3

enrichment claim does not depend on the existence of competitively significant information, or of trade secrets.[1] Therefore, count IV of Fast Food's complaint is not preempted by the ITSA.

## CONCLUSION

For the reasons stated above, we deny the defendants' motions for a more definite statement and to dismiss count IV. It is so ordered.

                                                MARVIN E. ASPEN
                                            United States District Judge

Dated: 4/6/06

---

[1] In support of their argument that the ITSA preempts Fast Food's unjust enrichment claim, defendants cite *Pope v. Alberto-Culver Co.*, 296 Ill. App. 3d 512, 694 N.E.2d 615 (1st Dist. 1998), and federal cases interpreting the ITSA's preemption provision. In all of those cases, however, the entire alleged misappropriation pertained to ideas or information, not physical manufacturing equipment. *See id.* at 513 (alleging unjust enrichment through use of plaintiff's idea for a hair-care product package); *Nilssen v. Motorola, Inc.*, 963 F. Supp. 664, 673 (N.D. Ill. 1997) (alleging unjust enrichment through use of information about plaintiff's electronic ballast technology); *Web Communications Group, Inc. v. Gateway 2000, Inc.*, 889 F. Supp. 316, 318 (N.D. Ill. 1995) (alleging unjust enrichment through use of plaintiff's idea for a magazine advertisement insert).

4