

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| FAST FOOD GOURMET, | ) | |
| | ) | |
| Plaintiff, | ) | No. 05 C 6022 |
| | ) | |
| v. | ) | Magistrate Judge Cole |
| | ) | |
| LITTLE LADY FOODS, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

In late November 2006, the defendants moved to compel the deposition of four of plaintiff's corporate officers in the Northern District of Illinois. Conceding the general rule that a plaintiff's designated 30(b)(6) witness ought to be deposed in the forum selected by the plaintiff, the plaintiff objected on the ground that it is in bankruptcy and has no funds to finance the travel of any out-of-town witnesses. The defendants contended that the plaintiff's counsel's retention agreement obligates them to advance these sorts of "costs." The plaintiff's lawyers had a different view of what their agreement obligated them to do.

After an extended discussion in court in November, the parties reached a partial accord and agreed that Mr. Crouse would be deposed in Chicago. Since then, the defendants have agreed to travel to Oregon to take the deposition of David Heggestad due to health considerations. The parties have not, however, been able to agree on the location for the other two corporate officers, and the plaintiff has renewed its motion.

As in almost all discovery disputes, the matter ultimately falls within the extraordinarily broad range of discretion invested in judges by the Federal Rules of Civil Procedure. *Cf. Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *Semien v. Life Insurance Co. of N.A.*, 436 F.3d 805, 813 (7th

Cir. 2006); Rule 26(c), Federal Rules of Civil Procedure.[1] Discretion denotes the absence of a hard and fast rule. *Langnes v. Green*, 282 U.S. 531, 541 (1931); *Pruitt v. Mote*, 2006 WL 3802822 (7th Cir. 2006); *Rogers v. Loether*, 467 F.2d 1110, 1111-12 (7th Cir. 1972)(Stevens, J.). Indeed, on virtually identical facts, two decision makers can arrive at opposite conclusions, both of which constitute appropriate exercises of discretion. *Compare United States v. Boyd*, 55 F.3d 239 (7th Cir. 1995) with *United States v. Williams*, 81 F.3d 1434 (7th Cir. 1996). *Cf. United States v. Bullion*, 466 F.3d 574, 577 (7th Cir. 2006)(Posner, J.) ("The striking of a balance of uncertainties can rarely be deemed unreasonable....").

An exercise of discretion requires a consideration of the factors relevant to that exercise. *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005)(Posner, J.). In exercising discretion in this case, there are a number of factors to be considered, including the plaintiff's claim of financial hardship, the plaintiff's choice of forum, the plaintiff's counsel's retention agreement (which includes a provision for the advance of costs), and the relative detriments to the parties resulting from either a grant or denial of the motion. Of course, the parties have provided cases that support, in varying degrees, their respective positions. But all are fact specific and ultimately rely on the application of general principles, which are not in dispute.

On January 21, 2005, the plaintiff retained counsel to pursue claims against Little Lady Foods and other potential parties including Kraft Foods. At the time of the retention agreement, the plaintiff was in bankruptcy. Consequently, the retention agreement was approved by the bankruptcy

---

[1] Rule 26(c)(2) allows a court, upon a showing of good cause, to issue a protective order specifying the time and place of deposition. A protective order can be issued to protect a party from "undue burden or expense." The plaintiff concedes that the court has "substantial discretion" to specify the time and place of any deposition. (*Plaintiff's Response*, at 2).

2

trustee. Not surprisingly, the agreement provided that the plaintiff "will not be obligated to pay any costs or attorneys' fees unless a recovery is obtained in this case." The agreement went on to provide that counsel "will be entitled to reimburse themselves for out-of-pocket costs incurred (including but not limited to costs incurred for court reporter fees, . . .filing fees, expert witness fees and travel expenses) out of any recovery, and such reimbursement will be deducted from the balance remaining after the Firm's compensation has been calculated." (Parenthesis in original).

Given the text of the agreement and the context in which it came into being, it is reasonable to conclude that the parties envisioned that its counsel would be advancing the costs essential to commence the litigation and to see it through to its end. The bankrupt estate presumably was incapable of funding that endeavor, and the plaintiff's counsel made an informed, economic judgment that the case had sufficient merit to warrant the risk accompanying the advancing of costs to sustain the case. In light of that obligation, the argument that the plaintiff lacks the resources to underwrite the travel costs of the two witnesses seems beside the point. Disposition of the present motion, however, does not hinge on this interpretation of the retention agreement.

Ordinarily, a defendant is entitled to examine a plaintiff in the forum in which the plaintiff sues. However, if special circumstances are shown, such as *undue* hardship, burden or expense to the plaintiff which outweigh any prejudice to the defendant, the general rule may yield to the exigencies of the particular case. *See* 8 Wright & Miller, Federal Practice and Procedure § 2112 (1970). The party seeking relief has the burden of persuasion under Rule 26. *Trading Technologies Intern., Inc. v. eSpeed, Inc.*, 2005 WL 1300778, *1 (N.D.Ill. April 28, 2005)(Moran, J.); *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 351, 360-361 (N.D.Ill. 2005)(collecting cases).

The plea *ad misericordiam* that the plaintiff "has no funds, nor any ability to finance travel

3

to and/or lodging in Chicago" – (*Response*, at 2, 3, 4; *Reply*, at 3 ("The corporation... has no money to fund its officer's travel.")) – is said to require the relaxation of the general preference for depositions of the plaintiff to take place in the forum chosen by the plaintiff. The difficulty is that Mr. Crouse's declaration, on which the motion is based, does not support the motion's ultimate conclusion. It says that the plaintiff has "virtually no funds...." Mr. Crouse goes on to explain that what this means is that there is "not more than a few thousand dollars on hand...." (*Crouse Affidavit*, at ¶3).[2] For all that appears, this amount is sufficient to finance travel to Chicago, and lodging may not even be necessary – although oddly it may ultimately be cheaper if the witnesses stay over night.

Even a cursory review of online airfares reveals that travel from Aspen to Chicago can be arranged for as little as $373, or less if one spends the night in Chicago. This fare was obtained by randomly selecting Travelocity.com and selecting a date. (It may be that there are cheaper fares). It thus would appear that the $2,650 that the plaintiff has on hand is indeed sufficient to cover travel and lodging, even at the Ritz Carlton, whose website reflects a room rate of $390 for the night of 2/12/07. If one's tastes are a bit more basic, the cost saving will be substantial. For example, the Fairfield Inn on Ontario quotes an online rate of $129 for 2/12/07.[3] Since there is no estimate by the plaintiff of anticipated travel expenses, it cannot be said that the funds "on hand" are inadequate. Any uncertainty on this score cannot be resolved in the plaintiff's favor since it is the efficient cause of that uncertainty. *Cf. United States v. Goodwin*, 449 F.3d 766, 772 (7th Cir. 2006)(Posner, J.). Compare *R.H. Stearns Co. v. United States*, 291 U.S. 54, 61-62 (1934) (Cardozo, J.)("He who

---

[2] The Clerk's office in Kansas where the bankruptcy is pending has informed me there is approximately $2,562.71 on hand, according to the last trustee's report.

[3] This date has no particular meaning. It was one I arbitrarily selected.

4

prevents a thing from being done may not avail himself of the non-performance which he has himself occasioned, for the law says to him in effect "this is your own act, and therefore you are not damnified. . . ."' ").

There is nothing unfair or unreasonable about requiring the plaintiff to expend the funds "on hand" to further its own case since the claims may well be the sole, if not predominate asset of the estate. The small amount of money on hand is, as Mr. Crouse points out in his declaration, demonstrably inadequate even to begin to satisfy the tiniest fraction of the plaintiff's debts, and there is no contention that the funds are urgently needed for any purpose, let alone one that surpasses in importance to the estate, the progress of this case. Only by a successful conclusion to this case can the plaintiff hope to repay its creditors and recover for the harm it claims has been done to it by the defendants.

Finally, the plaintiff discounts the importance of its selection of Illinois as the forum by contending that it really had "no choice" in the matter since the forum selection clause in the August 23, 2002 contract that is the subject of Count III mandated that suit be brought here. Where the plaintiff "has no choice of forum," the significance to be accorded the plaintiff's selection of the forum is properly diminished. *See e.g., Ellis Air Lines v. Bellanca Aircraft Corp.*, 17 F.R.D. 395, 396 (D.Del.1955); *Abdullah v. Sheridan Square Press, Inc.*, 154 F.R.D. 591, 592 (S.D.N.Y. 1994). But that is not quite the situation here.

The plaintiff's selection of the forum was dictated not by extrinsic circumstances over which it had no control, but by the forum selection clause of the contract over which it did. Like all sophisticated contracting parties, the plaintiff gave up certain things in exchange for other things it valued more. *Compare Carbajal v. H & R Block Tax Services, Inc.*, 372 F.3d 903, 907 (7th Cir.

2004)(Easterbrook, J.)("Second, no general doctrine of federal law prevents people from waiving statutory rights (whether substantive or procedural) in exchange for other things they value more, such as lower prices or reduced disputation.")(Parenthesis in original); *United States v. Miller*, 450 F.3d 270, 272 (7th Cir. 2006) (Easterbrook, J.). One of those things was the right to sue in a forum other than Illinois.

But that does not mean that the plaintiff's decision was not voluntary or that it had "no control" over where to bring the suit. Nonetheless, it is true that the reasons that allow attributing primacy to the plaintiff's choice of forum do not exist here in the same sense or to the same degree that they do in cases where a plaintiff chooses among available forums. Thus, the choice of forum, while not outcome-determinative, cannot be wholly dismissed either.

When all things are considered, it seems to me that it is a more appropriate exercise of discretion to require the two witnesses to come to Chicago rather than requiring two sets of lawyers to travel to the witness' places of residence. Consequently, the defendants' motion to compel [76] is granted.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 1/23/07