UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FAST FOOD GOURMET, INC., a Missouri Corporation | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 05 C 6022 ) ) |
| LITTLE LADY FOODS, INC., an Illinois Corporation, and KRAFT FOODS GLOBAL, INC., a Virginia Corporation, | ) ) ) ) |
| Defendants | ) ) |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Plaintiff, Fast Food Gourmet, Inc. ("FFGI"), sued Defendants, Little Lady Foods, Inc. ("LLF") and Kraft Foods Global, Inc. ("Kraft"), alleging misappropriation of trade secrets against both Defendants, breach of contract against LLF, and unjust enrichment against Kraft. Before us is Defendant LLF's motion to dismiss Count III of Plaintiff's Second Amended Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. For the reasons set forth below, we deny the motion.

**BACKGROUND**

Plaintiff FFGI possessed trade secrets related to "the making of a unique stone hearth oven thin crust frozen pizza." (Sec. Am. Compl. ¶ 3.) These trade secrets enabled it to mass produce various "artisan quality" frozen pizzas with a unique crust. (*Id.*) Plaintiff contracted with other entities, known in the industry as "co-packers," that had the facilities needed to house the equipment and ingredients used in making frozen pizzas

1

in bulk and that actually produced the pizzas. (Sec. Am. Compl. ¶ 4.) In short, the co-packers functioned as a contracted manufacturing arm of FFGI. (*Id.*)

On or about August 23, 2002, FFGI entered into a co-packing relationship with Defendant LLF, pursuant to a "Private Label Production Agreement" ("Agreement"), which included provisions to protect FFGI's trade secrets and other confidential information. (Sec. Amend. Compl. ¶¶ 8-9.) FFGI moved its equipment into LLF's facilities and provided documents marked confidential, which identified FFGI trade secrets such as formulas, recipes, techniques, methods, processes, and specifications used in making Plaintiff's pizza, particularly its unique pizza crust. (*Id.*) LLF began manufacturing pizzas for Plaintiff shortly thereafter. (*Id.* at ¶ 11.)

At some point, Plaintiff alleges, LLF disclosed its trade secrets to Defendant Kraft and used Plaintiff's equipment line to develop, for Kraft, a pizza having the same or substantially the same crusts as those made on behalf of Plaintiff. (Sec. Amend. Compl. ¶ 13.) LLF tried to conceal this activity by denying Plaintiff access to its own equipment and LLF's manufacturing floor for months, during which it developed a prototype pizza using Plaintiff's equipment and trade secrets. (*Id.* ¶¶ 13-14.) Subsequently, LLF acquired for itself or for Kraft equipment similar to that provided by Plaintiff and installed it in another plant where it began mass-manufacturing pizzas or crusts for Kraft utilizing Plaintiff's protected "crust-making methodology." (*Id.* at ¶¶ 14, 16.)

FFGI's Complaint sets forth four counts: Count I, misappropriation of trade secrets, against LLF; Count II, misappropriation of trade secrets, against Kraft; Count III, breach of contract, against LLF; and Count IV, unjust enrichment, against Kraft.

**STANDARD OF REVIEW**

The purpose of a motion to dismiss under Rule 12(b)(6) is to decide the adequacy of the complaint, not the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a motion to dismiss, we must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *MCM Partners, Inc. v. Andrews-Bartlett & Assoc., Inc.*, 62 F.3d 967, 972 (7th Cir. 1995). Therefore, a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

**ANALYSIS**

Count III of Plaintiff's Second Amended Complaint sets forth two breach of contract claims against LLF. First, Plaintiff alleges that LLF failed to keep FFGI's trade secrets confidential and failed to protect the proprietary nature of these trade secrets. (Sec. Am. Compl. ¶ 37.) Second, Plaintiff alleges that LLF breached the Agreement by producing pizzas with nearly identical crusts for Kraft. (Sec. Am. Compl. ¶ 38.) LLF seeks to dismiss this second claim.

Section 7(a) of the Agreement provided that LLF would "not produce pizzas with specifications which are identical or, in the aggregate, substantially identical to the existing specifications of the FFGI pizzas for any supplier or brand other than FFGI . . . ." Plaintiff alleges that LLF breached this provision "by producing pizzas with nearly identical crusts for Kraft." (Sec. Amend. Compl. ¶ 38.) LLF contends that this is insufficient to state a claim for two reasons. First, LLF argues that Plaintiff's Complaint is deficient regardless of how the Agreement is interpreted, because it "only alleges that

[LLF] made substantially similar crust, not pizza." (Def. Reply at 3.) Relatedly, LLF argues that, because the sauce and/or toppings on Plaintiff's pizzas were very different from those allegedly produced for Kraft, its claim that LLF produced "substantially identical" pizzas cannot possibly survive. Both of these arguments misconstrue the rules applicable to federal notice pleading.

LLF's first argument fails because federal complaints plead claims, not facts. *Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 714 (7th Cir. 2006). "It is enough to name the plaintiff and the defendant, state the nature of the grievance, and give a few tidbits that will let the defendant investigate." *Id.* That FFGI does not explain in its Complaint how pizzas with "nearly identical crusts" could be "substantially identical" is irrelevant at the pleadings stage. Plaintiff clearly names the parties, provides a narrative of the events and the nature of its grievance, and provides relevant dates and locations that make investigations possible.

Beyond that minimal standard, it is true that, "if a plaintiff pleads facts which show he has no claim, then he has pled himself out of court." *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006) (citing *Jefferson v. Ambroz*, 90 F.3d 1291, 1296 (7th Cir.1996)). However, this is the case "only when there is no set of facts consistent with the pleadings under which the plaintiff could obtain relief." *McMillan v. Collection Professionals, Inc.*, 455 F.3d 754 (7th Cir. 2006). The "proper inquiry," therefore, is what a Plaintiff did allege, not what he "did not allege." *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006) (citing *Kolupa*, 438 F.3d at 714). Here, FFGI's silence on how "nearly identical crusts" support its claim of "identical," or "substantially identical pizzas" is not a concession that no support exists. The 7th Circuit has clearly stated that

4

"[a]rguments resting on negative implications from silence are poorly disguised demands for fact pleading." *Kolupa*, 438 F.3d at 715.

Second, LLF's argument that Plaintiff's pizzas were, in fact, substantially different from those allegedly produced for Kraft fails because it rests on factual matters outside of the pleadings. Nowhere does Plaintiff allege anything regarding the specific nature of the pizzas produced for Defendant Kraft. Rather, Defendant urges us to simply assume: 1) that an identical crust alone cannot, as a matter of law, render two pizzas "substantially identical" for purposes of its contract with Plaintiff; and 2) that it never produced for Kraft a pizza or pizza prototype with toppings and/or sauce similar to those used on Plaintiff's pizzas. In effect, LLF urges us to proceed on its motion to dismiss much as we might proceed on a motion for summary judgment. We decline to do so.

## CONCLUSION

For the reasons discussed above, Defendant LLF's motion to dismiss Count III of Plaintiff's Second Amended Complaint is denied. It is so ordered.

Dated: 4/20/2007

*Marvin E. Aspen*

Honorable Marvin E. Aspen
U.S. District Court Judge