**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FAST FOOD GOURMET, INC., | ) | |
| a Missouri Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 05 C 6022 |
| v. | ) | |
| | ) | Judge Marvin E. Aspen |
| LITTLE LADY FOODS, INC., an | ) | |
| Illinois Corporation, and | ) | |
| KRAFT FOOD GLOBAL, INC., a | ) | |
| Virginia Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendants Little Lady Foods, Inc. ("LLFI") and Kraft Foods Global, Inc. ("Kraft") filed a Rule 37 Motion to Bar the plaintiff, Fast Food Gourmet, Inc. ("FFGI"), from defining its trade secret claim differently than it had done in "Plaintiff's Identification of Trade Secrets" ("Identification"), which was filed on June 28, 2006. On July, 26, 2007, Magistrate Judge Cole issued a decision that granted in part and denied in part defendants' motion. Defendants have now filed a Rule 72 Motion objecting to Magistrate Judge Cole's decision. For the reasons set forth below, that motion is denied in part and granted it in part.

## BACKGROUND

FFGI alleges that defendants are guilty of misappropriating its trade secrets related to its process for preparing its artisan-style frozen pizza crust. In addition, FFGI has filed a breach of contract claim against LLFI and an unjust enrichment claim against Kraft.

In response to defendants' motion to compel, on May 25, 2006, Magistrate Judge Cole ordered FFGI to specifically identify its trade secrets. FFGI filed "Plaintiff's Identification of Trade Secrets" on June 28, 2006, which stated that FFGI's method for preparing thin-crust frozen pizzas with an artisan-style crust was derived from a combination of four components: (A) Stress-free sheeting and pre-sheeting; (B) Thin Dough Sheeting; (C) Exceptionally High Baking Temperature; and (D) the Stone Hearth Oven.

On December 12, 2006, defendants deposed Kenneth Crouse, FFGI's Vice President of Operations. During his deposition, Mr. Crouse indicated that the Identification was a "complete and accurate description of the trade secrets that are at issue in this matter." (Crouse Deposition at 10). However, in response to further questioning, Mr. Crouse stated that the Identification was "accurate" but "not necessarily complete." *Id.* at 61. He specified that 90 minutes floor time, temperature of the dough, use of ice, and the absence of dough conditioners were "factors relating to stress-free sheeting and pre-sheeting listed in paragraph (A) of the Identification of Trade Secrets." *Id.* at 68. Defendants' counsel then asked whether these additional factors were the trade secrets being claimed in the case, to which Mr. Crouse responded no. *Id.*

With our permission, on February 2, 2007, FFGI filed a Second Amended Complaint to clarify that its breach of contract claim is independent of its trade secrets claim. In addition to adding a breach of contract claim paragraph, FFGI altered the phrasing of its trade secret allegations. Instead of alleging that LLFI was using FFGI's "trade secrets," the Second Amended Complaint substituted the phrase "crust-making methodology," and alleged LLFI's improper use and Kraft's improper utilization of this methodology.

In response to these changes, defendants presented FFGI with new interrogatories, which included a request that FFGI identify every aspect of its "crust-making methodology." Discovery closed on March 1, 2007, but FFGI responded to defendants' interrogatories on April 27, 2007. In its response, FFGI described ten components that make up its "crust-making methodology," four of which were mentioned in the Identification, four of which were mentioned in Mr. Crouse's deposition and discovery documents, and two of which were previously mentioned only in documents produced before FFGI had filed its Identification.

Defendants filed a Rule 37 Motion to Bar FFGI from offering any evidence of its trade secrets other than the four components included in its Identification. On July 26, 2007, Magistrate Judge Cole granted defendants' motion in part and denied it in part. Specifically, Magistrate Judge Cole held that in addition to the four components listed in its Identification, four additional components were also admissible because Mr. Crouse had "clearly and unambiguously" identified, despite confusing questioning, that these components were meant to be factors associated with the sheeting and pre-sheeting process indicated in paragraph (A) of the Identification. In other words, Magistrate Judge Cole found that due to Mr. Crouse's testimony about the four additional components, FFGI did not have to supplement its Identification in order to include these components in its trade secret allegation because the components had "otherwise been made known" during the course of discovery under Rule 26(e)(2). However, Magistrate Judge Cole barred the remaining two components in FFGI's April 27, 2007 interrogatory response because it was not "clear and unambiguous" during the course of discovery that these two components were meant to be included within FFGI's trade secret allegations and because permitting their introduction would prejudice the defendants.

Defendants object to Magistrate Judge Cole's decision to admit the four components mentioned in Mr. Crouse's testimony and his failure to acknowledge differences in the definitions of two components between FFGI's Identification and its April 27, 2007 interrogatory response. In addition, defendants have moved for Rule 37 sanctions against FFGI for failure to comply with Magistrate Judge Cole's May 25, 2006 Order.

## STANDARD OF REVIEW

A district court's review of a magistrate judge's non-dispositive order is governed by Rule 72(a) of the Federal Rules of Civil Procedure, which provides, "The district judge to whom to the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "A finding is clearly erroneous when, although there may be some evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Thornton v. Brown*, 47 F.3d 194, 197 (7th Cir. 1995) (internal citations omitted). "If there are two permissible views, the reviewing court should not overturn the decision solely because it would have not chosen the other view." *Am. Motors Corp. v. Great Am. Surplus Lines Ins. Co.*, No. 87 C 2496, 1988 WL 2788, at *4 (N.D. Ill. Jan. 8, 1988). Thus, in order to overturn Magistrate Judge Cole's July 26, 2007 ruling, we must have a definite and firm conviction that he made a mistake.

## ANALYSIS

Defendants' motion presents three main objections to Magistrate Judge Cole's ruling: (1) Magistrate Judge Cole erred in applying Rule 26(e) to any alleged supplementation because the alleged supplement was in FFGI's possession at the time of the initial disclosure; (2) Magistrate

Judge Cole erred in finding that Mr. Crouse's deposition unambiguously supplemented the Identification because Mr. Crouse never specifically identified the four components as trade secrets and testified that they were not trade secrets; and (3) Magistrate Judge Cole failed to sanction plaintiff under Rule 37(b) for failing to comply with his earlier order to specifically identify its trade secrets. We will address each of defendants' objections in turn.

### A. Magistrate Judge Cole's Application of Rule 26(e)

Under Rule 26(e)(2), a party has a duty "to seasonably amend" prior discovery "if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(2). The purpose of this rule is to prevent "unfair surprise" by ensuring that the other party has adequate notice of new information. *See Westefer v. Snyder*, 422 F.3d 570, 584 (7th Cir. 2005); *Gutierrez v. AT&T Broadband, LLC*, 382 F.3d 725, 732-34 (7th Cir. 2004). Defendants argue that Magistrate Judge Cole erred in applying Rule 26(e) because parties may not supplement discovery with information that was available at the time of the initial disclosure.

Where information has "otherwise been made known" during the course of discovery, however, there is no duty to supplement because the other party has been given adequate notice. The 1993 Advisory Committee Notes explain that "when a witness not previously disclosed is identified during the taking of a deposition or corrects information contained in an earlier report" is an example of information "otherwise been made known" under the Rule. Fed. R. Civ. P. 26(e)(2) advisory committee's note.

In this case, Magistrate Judge Cole focused on the "otherwise been made known" language of Rule 26(e)(2). He found that FFGI did not have to formally produce a supplement to its Identification in order to use evidence that was not specifically itemized in that document when that evidence was revealed to defendants in another context during discovery. Specifically, he found that "utilization of ice in the dough formula," "targeting a post-mixture temperature specification of 68-72 degrees Fahrenheit," "ambient floor time of 90-120 minutes," and "elimination of artificial dough conditioners" were specifically mentioned in Mr. Crouse's December 2006 deposition. (Opinion at 7-8). He also found that this information was produced earlier in discovery and identified the specific page references of each of the above factors in his opinion. *Id.* at 8.

Despite Magistrate Judge Cole's finding that there was no need to supplement the Identification since defendants had adequate notice of these factors, defendants are arguing that Rule 26(e)(2) should not apply to this case at all. They argue that because FFGI knew what its trade secrets were when it first filed its Identification, it could not later supplement that description with information that it should have revealed initially. (Defendants' Motion at 12).[1]

Defendants cite to four cases where courts refused to permit supplemental discovery based

_____

[1] As an initial matter, there is some confusion in this case over whether supplemental discovery did or did not take place because the defendants define "supplemental discovery" differently than Magistrate Judge Cole. Magistrate Judge Cole found that no formal supplement to the Identification was needed because the four components had "otherwise been made known" during the course of discovery even wholly disregarding the plaintiff's April 27, 2007 interrogatory responses after discovery had closed. In contrast, defendant frames the deposition itself as the "supplement" to the Identification and argues that this form of supplementation is impermissible because FFGI knew the specific contents of its trade secrets at the time of the filing of the Identification and thus it could not amend that document. While this may be mere semantics, Magistrate Judge Cole's framing of the legal issues is not "clearly erroneous or contrary to law" so we will adopt his conclusion that the deposition testimony is not technically "supplemental discovery" and analyze whether it qualifies as information that has "otherwise been made known" under Rule 26(e)(2).

on the fact that information should have been submitted earlier. *Id.* at 12-13. Three of these cases involved a party's attempt to submit an impermissibly late expert opinion under the guise of a supplement in violation of Rule 26(e)(1). *See Keener v. United States*, 181 F.R.D. 639, 641 (D. Mont. 1998) (classifying defendant's later-filed expert report as an impermissible rebuttal opinion and not a mere "supplement" where it "set[] out extensive responses to each of the expert opinions that the plaintiff disclosed"); *Allgood v. Gen. Motors Corp.*, No. 1:02-cv-1077-DFH-TAB, 2007 WL 647496, at *3 (S.D. Ind. Feb. 2, 2007) (refusing to classify a late filed expert report as a "supplement" when based on "research and data that were never presented before"); *Collier v. Bradley Univ.*, 113 F. Supp. 2d 1235, 1242 (C.D. Ill. 2000) (refusing to allow supplemental expert report that it viewed as "a belated attempt to add theories to her opinion that were never before identified or discussed in any substantive manner" in her original report). One of these cases involved a party attempting to amend trade secret claims *after* the close of discovery. *See Hickory Specialties, Inc. v. Forest Flavors, Int'l, Inc.*, 12 F. Supp. 2d 760 (M.D. Tenn. 1998) (refusing to allow the late filing of 36 newly identified trade secrets based on an affidavit filed after the close of discovery).

Even assuming that Mr. Crouse's deposition was a "supplement" to the Identification, this case is still distinguishable from the above cases cited by the defendants and we believe that Magistrate Judge Cole's application of Rule 26(e)(2) to this case was not "contrary to law." *See* Fed. R. Civ. P. 72(a). First, this case does not involve the alteration or filing of expert reports which are dealt with under Rule 26(e)(1) and are subject to stricter discovery deadlines under Rule 26(a)(2) in order to give the other side ample time to prepare its own expert opinions for trial. In addition, unlike in *Hickory Specialties, Inc.*, more than two months remained before the close of discovery

when Mr. Crouse revealed other factors of FFGI's trade secrets during his deposition, however, defendants took no further discovery, nor sought any discovery extensions.  (Opinion at 14).

Finally, Magistrate Judge Cole credited Mr. Crouse's testimony as to why this information was not submitted earlier.  While Magistrate Judge Cole acknowledged that FFGI could have been more specific in its Identification, he accepted Mr. Crouse's testimony that after "'careful consideration of the case and more information was made available, [he] realized that *there were other areas that had been used, stolen, breached from Fast Food Gourmet that perhaps might have been included in (A).*'"  *Id.* at 5 (quoting Crouse Deposition at 59).  In addition, he found that Mr. Crouse was not trying to introduce whole new trade secrets in his deposition, but instead was explaining factors that he believed were *part* of the information already included.  *Id.* at 6.  We cannot say that Magistrate Judge Cole's decision to credit this testimony was clearly erroneous such that it should be reversed under Rule 72(a).  In addition, his decision that this information was "otherwise made known" to the defendants under Rule 26(e)(2) is "not contrary to law."  The reality is that defendants had notice that FFGI wished to include these four factors in its trade secret definition prior to the close of discovery, and therefore, FFGI did not need to formally amend its Identification under Rule 26(e)(2) to include information "otherwise made known" to them throughout the course of discovery.

### B.  Magistrate Judge Cole's Application of Rule 26(e)(2)

#### 1.  Mr. Crouse's Testimony

Courts have held that in order for information to qualify as "otherwise been made known" under Rule 26(e)(2) it must have been "clear and unambiguous."  *See Gutierrez v. AT&T Broadband*, LLC, 382 F.3d 725; *Se-Kure Controls, Inc. v. Vanguard Products Group, Inc.*, No.

02 C 3767, 2007 WL 781253, at *8 (N.D. Ill. Mar. 7, 2007); *Fenje v. Feld*, 301 F. Supp. 2d 781,

814-15 (N.D. Ill. 2003); *see also Pfizer Inc. v. Teva Pharms. USA, Inc.*, No. 04-754 (JCL), 2006

WL 2938723, at *3 (D.N.J. Oct. 13, 2006); *Tritek Technologies, Inc. v. United States*, 63 Fed Cl.

740, 748 (Fed. Cl. 2005).  Defendants' second argument is that even if Rule 26(e)(2) applies to

this case, Magistrate Judge Cole erred in finding that the information in Mr. Crouse's deposition

qualified as "otherwise made known."

The determination whether something is "clear and unambiguous" depends upon the facts

of the case.  For example in the *Gutierrez* case, the Seventh Circuit found that the defendant had

sufficient notice to permit a witness's affidavit, despite her name not being on the witness list,

because her name and knowledge about the case were mentioned during the deposition of

another witness in response to questions that were "clearly directed at finding additional

witnesses."  382 F.3d at 732.  In contrast, in that same case the Seventh Circuit found that a

service mark application containing a different affiant's name uncovered during an Internet

search of the United States Patent and Trademark Office's website, coupled with the fact that

during a deposition the defendant's witness denied knowing the affiant, were not "enough to put

the plaintiffs on notice that [the affiant] possessed information pertinent to their claims such that

they would be expected to request his deposition or anticipate that his affidavit might be offered

in support of the defendants' summary-judgment motion."  *Id.* at 734.

Similarly to the court in *Gutierrez*, Magistrate Judge Cole analyzed the facts here to

determine whether Mr. Crouse's testimony was "clear and unambiguous," such that defendants

had adequate notice that FFGI's trade secret included the floor time, dough temperature,

introduction of ice, and removal of dough conditioners.  Magistrate Judge Cole analyzed Mr.

Crouse's deposition in detail and concluded that "[t]he transcript reveals that the defendants' counsel could not – or at least should not – have been under any misapprehension as to what Mr. Crouse was claiming were components of the trade secrets." (Opinion at 15). He found that "Mr. Crouse repeatedly insisted that these additional components were subparts of stress-free sheeting, and that in conjunction with the other components in paragraphs B-D of 'Plaintiff's Identification of Trade Secrets,' they constituted the trade secrets." *Id.* at 12. He also found that the confusion in the transcript arose from the fact that defendants were engaging in strategic questioning by asking if the components *were* the trade secrets as opposed to whether they were *part* of the trade secrets. *Id.*

Defendants argue that Magistrate Judge Cole's fact determination was clearly erroneous because Mr. Crouse clearly and unambiguously answered that the floor time, the dough temperature, the introduction of ice, and the removal of dough conditioners were not trade secrets and that the trade secret was made up only of the four items contained in the Identification. However, as indicated above, Magistrate Judge Cole analyzed the record in detail and found that this answer was elicited due to the structure of the question, and that Mr. Crouse had repeatedly made clear that the floor time, dough temperature, introduction of ice, and removal of dough conditioners were *part* of the trade secrets being claimed.[2]

Due to the deferential standard of Rule 72(a), we find that Magistrate Judge Cole's

---

[2] In their Motion, defendants claim that the "entire exchange related to whether these four items were part of Plaintiff's claimed trade secrets" and that "Crouse finally answered that they were not." (Defendants' Motion at 20). However, in support of this contention defendants quoted a portion of the transcript that shows that this is not what was asked. Instead, they asked, "'[A]re you claiming that those factors *are* your trade secrets – FFGI's trade secrets?'" *Id.* at 20 (quoting Crouse Deposition at 71).

conclusion that Mr. Crouse's testimony was clear and unambiguous was not clearly erroneous.

### 2. *Oven Temperature and Low-Stress Sheeting Equipment*

Defendants also argue that the April 27, 2007 interrogatory answers contained substantial changes to two of the items from the Identification and that Magistrate Judge Cole erred in adopting these changes. (Defendants' Motion at 13-14). The two alleged changes include: (1) the baking temperature of 750 degrees Fahrenheit is 150 degrees higher than in the Identification; and (2) low-stress sheeting has been added to what originally just included "stress-free sheeting."

In his opinion, Magistrate Judge Cole found that items (f), (g), (h), and (I) in the April 27, 2007 response were mentioned in the Identification, so he did not discuss whether they should be barred under Rule 37. (Opinion at 7). Items (f) and (h) were, respectively, "oven temperature of approximately 750 degrees Fahrenheit" and the "use of stress-free (low stress) sheeting equipment."

Magistrate Judge Cole, however, failed to highlight the differences in (f) and (h) from previously disclosed information. First, plaintiff used the term "stress-free sheeting and pre-sheeting" in its Identification and Mr. Crouse repeatedly referred to "stress-free" sheeting in his deposition. It does not appear that FFGI included "low-stress" sheeting equipment within its trade secret definition until its April 27, 2007 description of its "crust-making methodology," after the close of discovery. Second, while plaintiff referred to "exceptionally high baking temperature" "exceeding 600 degrees Fahrenheit" in its Identification, its April 27, 2007 interrogatory response is more specific, claiming an "oven temperature of approximately 750 degrees Fahrenheit."

If these changes are "adequately similar to specific descriptions set forth in [its Identification] to have placed the defendant on notice" then their adoption would be permissible. *Lynchval Sys., Inc. v. Chi. Consulting Actuaries, Inc.*, Civ. A. No. 95 C 1490, 1996 WL 735586, at *7 (N.D. Ill. Dec. 19, 1996). However, defendants argue that these changes "are not merely cosmetic," (Defendants' Motion at 14), and unlike the other factors above, Magistrate Judge Cole never found that these changes had "otherwise been made known" during the discovery process or that defendants had notice of these changes. While it is unclear if these changes are significant from the facts currently before us, we agree that plaintiff should not be permitted to amend its trade secret definition after the close of discovery with respect to these two factors. Therefore, we hold that Magistrate Judge Cole's assumption that factors (f) and (h) in the crust-making methodology were mentioned in the Identification was clearly erroneous, and we limit plaintiff to its initial definition of these factors before the close of discovery.

## C. Rule 37(b) Sanctions

Defendants argue that Magistrate Judge Cole committed an error of law by failing to issue Rule 37 sanctions against plaintiff for failing to comply with his May 25, 2006 Order requiring plaintiff to specifically identify its trade secrets. While Magistrate Judge Cole barred the inclusion of the use of oil tubs and water absorption baker's percentage of 58-62 percent in FFGI's trade secret claim for failure to comply with Rule 26(e)(2), he did not issue sanctions for the other four components of pre-sheeting identified in Mr. Crouse's deposition due to compliance with Rule 26(e)(2): "Where there has been compliance with Rule 26(e)(2), the question of Rule 37 sanctions obviously does not arise." (Opinion at 14-15). Defendants argue that this finding was contrary to law because plaintiff has acknowledged that its Identification

was not complete, and they argue that Magistrate Judge Cole has given the plaintiff a "free pass" by permitting it to later amend its trade secret definition with later discovery, such as Mr. Crouse's deposition. (Defendants' Reply at 22).

Rule 37(b)(2) permits sanctions where "a party fails to obey an order" by the court. However, this section confers broad discretion upon the trial court to determine whether sanctions are warranted and what kind of sanctions to impose. *See Westefer*, 422 F.3d at 583. This discretion to resolve discovery disputes applies to both district court judges and magistrate judges. *See Jackson v. City of Chicago*, No. 03 C 8289, 2006 U.S. Dist. LEXIS 56675, at *12 (N.D. Ill. July 31, 2006) ("[M]agistrate judges (just like district judges) are granted broad discretion in addressing and resolving discovery disputes." (citing *Weeks v. Samsung Heavy Indus.*, Co., 126 F.3d 926, 943 (7th Cir. 1997))).

Defendants cite to *Compuware v. Health Serv. Corp.*, No. 01 C 0873, 2002 WL 485710 (N.D. Ill. Apr. 1., 2002) for the proposition that a party must be sanctioned where it is ordered by a court to specifically identify its trade secrets, submits a purported identification, and then later amends that identification. (Defendants' Motion at 21-22). In that case, the magistrate judge ordered Compuware to specifically identify its trade secrets and Compuware filed a supplemental identification. However, Compuware's supplemental trade secret identification required expert witnesses and reference materials to decipher. It was not until two weeks before the close of discovery that Compuware submitted information that the magistrate judge found to satisfy its obligation, but the court felt that the delay "severely prejudiced Blue Cross' ability to chart a course for discovery and its defense in the case," and ordered Compuware to pay the other side's fees and expenses in preparing its motion and a $10,000 fine. *Id.* at *8. In addition,

the court found that Compuware had engaged in "blatant misrepresentation, made for the purpose of securing a tactical advantage" in its production of other court-ordered documents. *Id.* at *9.

The facts in *Compuware* are distinguishable from this case. First, the degree of misconduct in this case does not rise to the level in *Compuware*. In this case, defendants had over two months prior to the close of discovery, as opposed to the two weeks in *Compuware*, after Mr. Crouse's deposition to inquire into the additional pre-sheeting factors that he repeatedly mentioned in his deposition. Also, unlike in *Compuware*, Magistrate Judge Cole did not find other "blatant misrepresentations" during discovery which would raise suspicions of abuse.

Second, Magistrate Judge Cole did not find that defendants' case was prejudiced by the delay between the June 28, 2006 initial trade secret identification and the December 12, 2006 deposition of Mr. Crouse. In contrast, Magistrate Judge Cole found that "defendants took no further discovery on the additional matters disclosed by Mr. Crouse, nor did they ask for an extension of the discovery date to do so." (Opinion at 14).

Finally, and most importantly, under Rule 37 Magistrate Judge Cole had broad discretion to decide whether or not plaintiff's expansion of one of the terms in its initial Identification during discovery warranted sanctions. Magistrate Judge Cole's decision that it did not warrant such repercussions is not "clearly erroneous or contrary to law," and is therefore upheld.

## CONCLUSION

For the reasons described above, we grant defendants' Objection to Magistrate Cole's July 26, 2007 Memorandum and opinion in part with respect to the expansion of the oven

temperature and stress-free sheeting descriptions in FFGI's April 27, 2007 interrogatory response, and therefore limit FFGI to its initial descriptions of these two factors in its Identification. We deny defendants' Objection in all other respects.

It is so ordered.

Honorable Marvin E. Aspen
U.S. District Court Judge

Dated: October 18, 2007