# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| FAST FOOD GOURMET, | ) | |
| | ) | |
| Plaintiff, | ) | No. 05 C 6022 |
| | ) | |
| v. | ) | Judge Aspen |
| | ) | |
| LITTLE LADY FOODS, | ) | Magistrate Judge Cole |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

In May 2007, when I learned that there had been a recent spin-off of all shares of Kraft Foods to the Altria shareholders, I instructed the broker who manages my and my wife's funds to sell the shares in Kraft that I/we received in the spin-off. Thereafter, I entered certain rulings in the instant case, one of which denied Kraft's motion to bar evidence of the plaintiff's claimed trade secrets beyond that disclosed in response to an order requiring the plaintiff to specifically identify its trade secret [Docket No. 174, 7/26/07]. An earlier order denied plaintiff's motion to compel. [Docket No. 154, 6/8/07]. Order Number 174 was affirmed in part and overruled in part by Judge Aspen on 10/18/07. [Docket No. 204]. No objections were made to the order of 6/8/07.

So far as I was aware, there was no other ownership of Kraft stock either in my name and/or my wife's name. Late last week, in looking at an IRA account exclusively in my wife's name, maintained at an independent brokerage firm, separate from the broker referred to above, I realized that her account held 69 shares of Kraft stock since April 2, 2007. Prior to that time, I was not aware that that account held Kraft shares. They were immediately sold on 12/7/07. Although, I had no knowledge of their existence, the fact remains that during the time of certain rulings, my wife owned 69 shares of Kraft stock.

I immediately contacted the parties on Monday and asked them to appear in court today. I informed them this morning of the situation and said that I planned to vacate the order entered on 7/26/07. A question was also raised as to the 6/8/07 order. I expressed to Mr. Tanner and Mr. Dee my opinion that I did not believe I had any discretion in the matter and that I thought that it was mandatory that I vacate the orders that had been entered during the time my wife owned the stock.

Mr. Tanner, counsel for the plaintiff, expressed the view that he thought there were cases that did not make mandatory the course I was suggesting under the particular circumstances in this case. I responded by saying I did not want to be the judge of that issue, and that if he thought that my order vacating the prior orders was in error, he had 10 days to appeal the order.

Finally, concerns were expressed by both Mr. Tanner and Mr. Dee because of the pendency of the fully briefed summary judgment motion before Judge Aspen. I suggested that the situation be brought to Judge Aspen's attention by way of a motion.

WHEREFORE, for the foregoing reasons, the orders of 6/8/07 and 7/26/07 are vacated.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 12/11/07